UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PANKAJ MERCHIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-2700 (RC) |
| | ) |
| UNITED HEALTHCARE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff Pankaj Merchia, appearing *pro se*, sues Minnesota-based United Healthcare Services, Inc., for defamation and related claims. Pending is Defendant's Motion to Dismiss for lack of personal jurisdiction and failure to state claim on which relief may be granted. Although Plaintiff has been granted extensions of time, he has not responded to Defendant's motion by his proposed time frames. Instead, in a motion filed the day after his latest deadline, Plaintiff requested a stay and yet another time extension "pending modification or lifting" of a protective order in his criminal case described below. Finding no basis to prolong the proceedings, the Court will grant Defendant's motion to dismiss and deny Plaintiff's motion.[1]

**II. BACKGROUND**

**A. Factual Backdrop**

Plaintiff is no stranger to this Court. He is "a physician, scientist, engineer, and

---

[1] *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing the courts' inherent authority to "manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases[.]").

entrepreneur," Compl., ECF No. 1 at 2, facing charges in the U.S. District Court for the District of Massachusetts of health care fraud, money laundering, conspiracy to defraud the Internal Revenue Service, and tax evasion. *Merchia v. Harvard Pilgrim Healthcare, Inc.*, No. 23-3913 (RC), 2024 WL 5186612, at *1 (D.D.C. 2024) (Contreras, J.) (citing *United States v. Merchia*, 2024 WL 1678152, at *1 (D. Mass. 2024)).

The events leading to the criminal prosecution form the basis of this suit. Plaintiff claims that Defendant "medical insurance company, maliciously falsely accused him of healthcare fraud," Compl. at 2, which "resulted in" his indictment and arrest in Massachusetts and "damage to his reputation and future business prospects in the District of Columbia and throughout the nation," *id*. at 6. Allegedly, the false accusations occurred when Defendant wrote to the Massachusetts Insurance Fraud Bureau (IFB) "and law enforcement that claims for services submitted under [his] name to patients were 'not supported as having been delivered' even though patients had informed Defendant that the services had been received." *Id*. at 4 (internal brackets omitted); *see Harvard Pilgrim*, 2024 WL 5186612, at *1 (alleging same against Harvard Pilgrim Healthcare, Inc.).

Plaintiff's claims are Count 1, Defamation, Count 2, Intentional Infliction of Emotional Harm, Count 3, Breach of Duty of Good Faith and Fair Dealing, Count 4, Violation of Unfair and Deceptive Trade Practices, and Count 5, False Light. Compl. at 6-7. He seeks equitable relief and damages exceeding $75,000. *See* Compl. at 7; Civ. Cover Sheet, ECF No. 1-1 at 2.

### B. Procedural History

On August 8, 2024, Plaintiff initiated this action by filing a complaint and separate motion for leave to proceed *in forma pauperis* (IFP), which was granted on November 20, 2024.

2

Pursuant to 28 U.S.C. § 1915(d) governing IFP proceedings, the U.S. Marshals Service completed service of process on March 13, 2025, ECF No. 10, and Defendant filed the instant motion to dismiss on April 2, 2025.

On April 10, 2025, the Court issued an order advising Plaintiff of his obligation to respond to Defendant's motion by May 15, 2025, or risk dismissal of the case, ECF No. 15 (*Fox* Order). On the due date, Plaintiff filed a motion to extend the deadline to May 29, 2025, which on May 31, 2025, was granted nunc pro tunc. On June 3, 2025, Plaintiff moved to extend the May 29th deadline by 30 days, stating in relevant part that he was "actively drafting the opposition" and needed "a short additional period . . . to complete legal research, refine citations, and ensure compliance with local rules." Mot., ECF No. 17 at 2. Defendant neither consented to nor opposed Plaintiff's "30-day extension" request. Def.'s Resp. to Pl.'s Mot. for Ext. of Time, ECF No. 18 at 1. But on September 26, 2025, Defendant, noting the passage of three months and Plaintiff's filing of "at least three new actions and two appeals in federal courts" moved to dismiss the instant complaint for failure to prosecute. Mot., ECF No. 19.

On October 1, 2025, the Court ordered Plaintiff to respond to either or both motions to dismiss by October 27, 2025, or suffer dismissal of the case. The day *after* that deadline, Plaintiff filed a "Motion to Stay and for Extension of Time Nunc Pro Tunc to Respond to Defendant's Motions (ECF Nos. 13 & 19) Pending Modification or Lifting of Protective Order in Related Criminal Case." This time, Plaintiff asserted that the "protective order entered on Sept. 18, 2025 . . . prohibits" him "from using discovery from that criminal case in any civil matter . . . unless a court orders otherwise—foreclosing his ability to use core materials to respond here." Mot., ECF No. 20 at 1. Defendant countered with four reasons why Plaintiff's "argument is baseless."

3

Def.'s Opp'n to Pl.'s Mot. to Stay and for Ext. of Time, ECF No. 21 at 2-3.

### III. LEGAL STANDARD

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the "burden of establishing a factual basis for the exercise of personal jurisdiction over [each] defendant." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); Fed. R. Civ. P. 12(b)(2); *see also Second Amendment Foundation v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) ("a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts") (cleaned up)). The Court resolves factual disputes in the plaintiff's favor "[w]hen deciding personal jurisdiction without an evidentiary hearing," but the Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017) (cleaned up). In addition to the pleadings, the Court may consider other evidence, such as affidavits. *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).

Plaintiffs must establish that the Court has personal jurisdiction through either general jurisdiction or specific jurisdiction. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888-89 (D.C. Cir. 2021). General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Id*. at 889 (cleaned up). Specific jurisdiction is narrower and "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is

therefore subject to the State's regulation." *Id*. at 888 (cleaned up). The Court's exercise of specific jurisdiction must satisfy the Due Process Clause of the U.S. Constitution and, in this case, the District of Columbia's long-arm statute. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Thus, "a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### IV. ANALYSIS

Defendant argues that this Court lacks both general and specific jurisdiction over it. *See* Def.'s Mem., ECF No. 13 at 10-13. The Court agrees.[2]

#### A.   General Jurisdiction

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Erwin-Simpson*, 985 F.3d at 888 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). In a diversity case like this, "the federal district court's personal jurisdiction over the defendant is coextensive with that of a District of Columbia court." *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004). A "District of Columbia court may exercise personal jurisdiction over" an entity "organized under the laws of, or maintaining . . . its principal place of

---

[2]  Plaintiff's excuse for failing to oppose the motion to dismiss strains credulity. First, he relies on the criminal court's Amended Protective Order, ECF No. 20 at 7-9, which was issued more than two months *after* Plaintiff requested a "short" 30-day extension to "complete" the opposition he claimed to have been "actively drafting." Jun. 3, 2025 Mot. for Ext. of Time. Second, the Protective Order defines "Confidential Discovery Materials" as "including but not limited to documents containing: (1) individually identifiable health information . . . or (2) personal private information[.]" *Id*. ¶ 1. Plaintiff does not state how the covered materials impede his ability to address the instant motion to dismiss, especially the personal jurisdiction argument. Nor does he assert that he moved in the criminal court for an order to use any such material and was denied.

business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Such general or all- purpose jurisdiction " 'sets a high bar,' requiring that the defendants' affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Brit UW, Limited v. Manhattan Beachwear*, LLC, 235 F. Supp. 3d 48, 54, 60 (D.D.C. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (other citations omitted)). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1024 (2021) (quoting *Daimler*, 571 U.S. at 137). Corporate defendants are paradigmatically 'at home' at either their place of incorporation or principal place of business." *Brit UW, Limited*, 235 F. Supp. 3d at 60 (quoting *Daimler*, 134 S.Ct. at 749).

### B. Specific Jurisdiction

As relevant here, the District of Columbia's long-arm statute permits a court to "exercise personal jurisdiction over a person" when "a claim for relief aris[es] from the person's . . . causing tortious injury in the District of Columbia by an act or omission in the District of Columbia," D.C. Code § 13–423(a)(3), or "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia," *id*. § 13–423(a)(4).[3] Unlike general jurisdiction, specific jurisdiction "covers defendants less intimately connected with a State, [and] only as to a narrower class of claims." *Ford*, 141 S.Ct. at 1024. Specific jurisdiction "requires 'a relationship among 'the

---

[3] "Person" includes "a corporation . . . or any other legal or commercial entity."  D.C. Code § 13-421.

defendant, the forum, and litigation,' " *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1036 (D.C. Cir. 2020) (citation omitted), and the "claims 'must arise out of or relate to the defendant's contacts' with the forum," *Ford,* 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1780 (2017)). In other words, there must exist "a relationship among the defendant, the forum, and the litigation such that the defendant's suit-related conduct create[s] a substantial connection with the forum." *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 44 (D.C. Cir. 2020) (cleaned up).

It is undisputed that Defendant is incorporated in Minnesota, which is also its principal place of business. Def.'s Mem. at 12 (citing Compl. at 2). In failing to respond to Defendant's motion to dismiss, Plaintiff has conceded its valid arguments that (1) the Court cannot exercise general jurisdiction because the conclusory allegations comprising the complaint fail to establish that Defendant is "at home" in the District, *id*. at 11-12, and (2) the Court cannot exercise specific jurisdiction because the defamation and related claims of reputational harm lack the requisite nexus to the District, *id*. at 12-14; *see Fox* Order at 1 (explaining that "the Court may treat as conceded any unopposed arguments advanced in support of the motion to dismiss."); *see also Harvard Pilgrim*, 2024 WL 5186612, at *5 (finding "no plausible connection to the District of Columbia, much less a 'substantial' one, to support this Court's asserting specific jurisdiction" over defendants in lawsuit premised on their "report of insurance fraud submitted to the Insurance Fraud Bureau in Massachusetts and the ensuing federal prosecution of Plaintiff in the State of Massachusetts").

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over

Defendant and, therefore, dismisses the complaint and this case. A separate order accompanies this Memorandum Opinion.

_____/s/_____<br>
RUDOLPH CONTRERAS<br>
United States District Judge

Date: December 22, 2025